2 U.S. 382
 2 Dall. 382
 1 L.Ed. 425
 Anonymous
 Circuit Court, Pennsylvania District
 April Term, 1797
 2 U.S. 382
 2 Dall. 382
 1 L.Ed. 425
 Anonymous
 Circuit Court, Pennsylvania District
 April Term, 1797
 
 1
 In a cause marked for trial by Special Jury, nine Jurors only appeared; and the question arose, whether the Court (who wished to consider it with a view to establish a precedent) could award a tales, on the application of the Plaintiff.
 
 
 2
 Levy and Ingersoll suggested, that the Supreme Court of Pennsylvania had so construed the 12th sect. of the Act of Assembly (2 Vol. Dall. Edit. p. 265) as to exercise the power of ordering a tales in the case of special, as well as of common, Juries, whenever the Plaintiff required it; and, also, whenever the Defendant required it, if he had a rule for trial by proviso. The same power is exercised in England on general principles. Sell. Pr. 476.
 
 
 3
 Lewis observed, that the Supreme Court held, that the Pennsylvania Act, and not the English practice, must regulate the proceedings with respect to Juries; and the case of a tales in trials by special Jury, though admissible at common law, might not have been adopted by the Legislature, on account of the inconveniences, which the practice tended to introduce. But whatever may have been the previous law, the Legislative rule must be pursued; and expressio unius est exclusio ulterius.
 
 
 4
 Rawle conceived, that the 12th section of the Judicial Act (1 Vol. Swift's Edit. p. 67) settled the question. In the first part of the section, the provision for impannelling Juries is general, obviously including both special and common Juries; and, as there is the same generality of expression in the latter part of the section, when provision is made for returning a tales, it ought also, by a parity of construction, to be extended to both cases.
 
 
 5
 Peters, Justice.
 
 
 6
 I have no doubt of the power of the Court, to order a tales in special Jury causes. It might have been done, I think, under the Act of Assembly; but unquestionably it may be done under the Act of Congress. There ought, however, to be such a discretion in using it, as to prevent any injury to either party; and, therefore, a trial should not be forced on, without a reasonable delay to bring in the Jurors that had been regularly selected.
 
 
 7
 Iredell, Justice.
 
 
 8
 The Act of Congress seems to remove every difficulty. It makes no distinction (and the Court can, therefore, make none) between the case of a special and of a common Jury. If this provision had not existed, the subject would have occasioned much doubt in my mind.